IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES L. COPELAND                                                    PLAINTIFF

v.                              CIVIL NO. 05-2174

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff James L. Copeland brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration denying his application for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). (Doc. #1). On April 4, 2004, defendant filed a motion requesting plaintiff's case be remanded for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. # 10). Defendant states the Appeals Council has concluded that remand should be requested because of the receipt of additional evidence requiring further administrative review. Plaintiff filed a motion to introduce new and material evidence on March 24, 2006. (Doc. # 8-9).

The evidence submitted that formed the basis of review consists of a March 15, 2005, treatment not from Dr. Gary Griffin indicating that plaintiff's diabetes is uncontrolled and Dr. Griffin's November 10, 2005, opinion that plaintiff's diabetes was uncontrolled and that he could

not return to work as a truck driver or return to work.[1] Additional evidence from Sparks Medical Center, dated August 4, 2005, through September 22, 2005, indicates that plaintiff was enrolled in a diabetic management program. A March 15, 2004, note from Dr. Keith Bolyard indicates plaintiff's left shoulder range of motion had improved since surgery, but he had the same surgery on his right upper extremity three months after the hearing.

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

With the exception of the progress notes dated March 15, 2004, and March 15, 2005, the evidence used a basis for remand did not exist on July 29, 2005, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse plaintiff's failure to include these records in the administrative proceedings. *Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993)(*citing Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)).

Next, we consider the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Thomas*, 928 F.2d at 260 (*quoting Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir.

---

[1] The medical evidence submitted can be found in plaintiff's motion for new evidence. (Doc. # 8).

1990)). After reviewing the entire record, we find that remand is appropriate for consideration of the additional medical evidence, as this evidence appears to indicate that plaintiff's impairments impose limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

Based on the foregoing, we hereby grant defendant's motion and remand this case to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g). Plaintiff's March 24, 2006, motion to introduce new and material evidence is denied as moot.

DATED this 3rd day of May 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)